Betty ELLIS, Plaintiff–Appellant,

v.

COMMISSIONER OF SOCIAL SECURITY, Kenneth S. Apfel, Defendant–Appellee.

No. 02–5239.

United States Court of Appeals, Sixth Circuit.

Feb. 21, 2003.

Before GILMAN and GIBBONS, Circuit Judges; and POLSTER, District Judge.[*]

### ORDER

Betty Ellis appeals a district court order affirming the Commissioner's denial of her application for social security disability insurance benefits. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Ellis filed an application for social security disability insurance benefits alleging that she suffered from rheumatoid arthritis. After a hearing, an administrative law judge (ALJ) determined that Ellis was not disabled because she could perform her previous type of work as a co-owner and bookkeeper of a family paving business. The Appeals Council declined to review the ALJ's determination. Ellis then filed a complaint seeking judicial review of the Commissioner's decision. The district court subsequently granted judgment to the Commissioner.

Upon review, we conclude that substantial evidence exists to support the Commissioner's decision. *See Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir.1989).

■ Ellis contends that her arthritis pain occurs too frequently to run her household, much less hold a job. In addition, she states that the Commissioner refused to believe the opinion of her personal physicians, Drs. Bassel and Montgomery. The ALJ found that Ellis's daily activities raised doubt as to the credibility of her treating physicians. The ALJ noted that Ellis admitted to being able to lift and carry up to ten pounds, walk up to one-half mile, stand for one and one-half hours, and sit for one hour before needing to change positions. She could reach overhead without significant difficulty and occasionally bend, kneel, stoop, and squat. Further, the ALJ found that the treatment notes of rheumatologist Dr. John undermined the medical opinions of Drs. Bassel and Montgomery. Dr. John reported that Ellis had a mildly positive test for ANA antibodies and that there was little objective evidence of serious rheumatoid arthritis. She had a normal range of motion throughout all her joints and only very mild pain upon palpitation of the upper extremity trigger points. Based on the medical evidence and Ellis's acknowledged range of daily activities, the ALJ found that Ellis could perform sedentary work with a sit/stand option.

An opinion of a treating physician is entitled to greater weight only if it is based on objective medical findings, *see Crouch v. Sec'y of Health & Human Servs.*, 909 F.2d 852, 857 (6th Cir.1990), and is not contradicted by substantial evidence to the contrary. *See Hardaway v. Sec'y of Health & Human Servs.*, 823 F.2d 922, 927 (6th Cir.1987). The Commissioner may reject the opinion of a treating physician where good reason is found in

[*] The Honorable Dan A. Polster, United States District Judge for the Northern District of Ohio, sitting by designation.

the record to do so. *See Hall v. Bowen,* 837 F.2d 272, 276 (6th Cir.1988). As the opinions of Drs. Bassel and Montgomery are not supported by Ellis's own testimony and the objective medical evidence in the record, the ALJ could reject Dr. Bassel's and Dr. Montgomery's opinions regarding Ellis's inability to work.

■ As to Ellis's allegations that she is disabled due to her rheumatoid arthritis, credibility determinations rest with the ALJ. *See Siterlet v. Sec'y of Health & Human Servs.,* 823 F.2d 918, 920 (6th Cir.1987). Given that the medical evidence does not support Ellis's complaints regarding her inability to work, it was not improper for the ALJ to reject Ellis's testimony.

Accordingly, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.